Judge Brooke.
This seems to be'a hard, though not uncommon case. Settlement rig' ts to lands in the western country, at the time the contract in question was made, were of little value, owing to the situation of the country, and, perhaps, also to the uncertainty whether the legislature would confirm them ; especially those that interfered with the previous claim of the Greenbrier Company. On tire ground of hardship alone, I see nothing *7 hi the case that would authorize a court of chancery to interpose j though enough to induce that court to look with a critical eye for any other ground on which to grant relief. I have, therefore, with great attention, at least, examined the record, and feel some regret that I have not been able to discover any thing in the case to sustain any of the other objections of the counsel for the appellant. I can perceive nothing in the evidence that can authorize me to disturb the judgment of the land commissioners. The allegation that the appellee made a ao'ñnous defence before them is not, in my opinion, sup» ported by the testimony; nor do I feel myself at liberty to revise the judgment at law upon the title bond (as it is called) in behalf of Donnally, the assignee of the appellant, for the benefit of the appellee. I think it more ¡man probable that the appellant intended to bind him,clf to Donnally, by the assignment of that bond, to warrant the title; and though, in strictness of law, he may not have executed a proper instrument for that purpose, yet no error that might have been corrected in that court can propex-ly be relieved against in a court of equity ; especially one which consisted in conforming the judgment of the court to the intention of the parties, instead of defeating that intention by a rigid adherence to the strict rales of law. On this point I refer to the case of Syme v. Montague, in this court.(a)
Upon the last objection Í have had less difficult)-. There is no evidence that the appellee practised upon the fears of the appellant, by holding the judgment at law over him, to constrain him to enter into the submission to arbitrators and the words in that instrument. that Guningham had made a proper defence before the commissioners,” might have been inserted by the counsel who drew it, from excess of caution, or (what k more probable, as has been insisted on) to exclude from the arbitrators all other matter of controversy except the value of the'land. ’Whether that value was ascertained *8 upon correct data, cannot now be questioned, unless mis» behaviour in the arbitrators, or some one of them, were proved, or a palpable mistake in the amount, and not in the manner of making up the award, were shown. The case of Taylor’s Adm’r v. Nicholson,(a) and the case of Morris & Overton v. Ross,(b) are authorities to that effect. The depositions of the arbitrators in the present case differ somewhat as to the ground on which the award was made; but nothing can be collected from them that will authorize either a court of law or equity to set aside the award, according to the principles established by the foregoing cases, and many others decided in this court.
I am, therefore, of opinion, that the decree dismissing the appellant’s bill be affirmed.
Judge Tucker..
I feel every disposition (were it possible) to relieve the appellant from the effects of the original judgment against him, which is contrary to every principle of common law. But as, instead of prosecuting his appeal, he submitted his case to arbitrators, against whom no charge of partiality or misbehaviour is even surmised, and who, from length of time, appear to have, in some measure, forgotten, and certainly do not agree in their opinions as to the grounds upon which they went in making their award, I think there is not sufficient evidence of mistake (in respect to the quantity of land in the tract which they were called upon to value) to set aside their award, or to reduce the amount thereof in proportion to the supposed mistake. I am, therefore, (though very reluctantly,) of opinion, that the decree ought to be affirmed. I concur with the judge who has preceded me on the other points.- This case, in principle, bears so near an analogy to that of Scott's Ex'rs v. Trents, Crump & Bates,(c) that I beg leave to refer to it for my teasons more fully on this subject.(d)
judge Roane»
For the reasons assigned by the fudgec *9 who have gone before me, I concur in ooinion that the Jccree be affirmed.
Judge Fleming.
This is, no doubt, a hard case on the part of the appellant; but it seems to have arisen, rather from his own incaution and folly, than from any misconduct or unfair dealing on the part of his opponents; and it appears, indeed, that Cuningham acted with candour and generosity, particularly before the arbitrators. The loudest clamour of the appellant against him is, that he lost the land before the court of commissioners by his own neglect, and the suggestion of a covin between him and MíClcnahan, who claimed under Fulton, who recovered it in the commissioners’ court. Besides that there is no evidence of such conduct, it is expressly denied by Cuningham, in his answer; and it is not to he presumed that he would make a feeble defence of the title, with a view of getting compensation from Kincaid, who is represented as a verv poor man. As to the deficiency in the quantity of land, supposed to have been 400 acres, which occasioned the high damages assessed by the jury, it may be sufficient to observe, that though there might not he more than 188 acres actually surveyed, whoever established a settlement right was not only entitled to 400 acres for the settlement, but also to a pre-emption of 1,000 acres, if there were so much unappropriated land adjoining.(a) But, however all this may be, the appellant is bound and con-eluded by the award of the arbitrators, judges of his own choosing, who appear to have acted with great can-dour and circumspection ; and who, it is presumed, from some equitable circumstances that appeared in favour of the appellant, reduced the judgment at law more than one third of its amount, and made the terms of payment of the balance easy, by dividing it into throe instalments, *10 orie of which was to be paid in property, at a reasonable , value.
On these grounds, I concur in opinion that the decree be affirmed.

 4 H. & M. 180.

1 H. & M. 67.

 2 H. & M. 408.

4 H. & M. 356.

 See also, 3 Atk. 644. Amb. 245. 1 Ves. 370. 1 Wash. 14. 158.

 Ch. Rev. p. 92.